IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIANE STEPHENS, et al.,

                       Plaintiff,                      Case No. 3:09 CV 17

    -vs-

                                                        MEMORANDUM OPINION

WINNEBAGO INDUSTRIES, INC,
et al.,

                       Defendant.

KATZ, J.

       Before the Court is Plaintiffs' motion for partial summary judgment on its fourth claim against Terry Shafer dba Shafer's Truck and RV (Doc. No. 42). Defendant has filed a response and Plaintiffs a reply. After a thorough review of the issues raised by the motion, the Court will deny same.

       The circumstances surrounding the issues in this case are well set forth in the memoranda filed by the parties with respect to the pending motion. However, unlike the allegation of Plaintiffs, it appears to the Court that there are genuine issues of fact upon which reasonable minds could differ, thus obviating granting of a motion for summary judgment. The summary judgment standard developed pursuant to Fed. R. Civ. 56 requires as a prerequisite to granting such a motion that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

       Plaintiffs purchased a new 2008 Winnebago Itasca on August 6, 2008. Thereafter, the vehicle began to develop problems which were presented to Shafer Truck and RV beginning on August 12, 2008.

Other, more serious issues, are not discussed here since counts one thru three are not alleged to involve this Defendant and the remaining Defendants and Plaintiffs have resolved their differences. The defects were minor and involved failure to latch on the front seats, a glove box which would not stay closed a missing MP 3 cable and some problem in the steering wheel. It is alleged that the Stephens' were never given appropriate paperwork documenting the repair. Subsequently, additional minor repairs were made in early September 2008. Again, the Stephens allege they were never given appropriate paperwork documenting the repair.

In contrast, Defendant has provided exhibits which appear to raise an issue of fact in that the invoices attached to its memorandum (Doc. No. 53) appear to have been signed by one of the Plaintiffs, the work appears to be appropriately described and the sole issue is whether a copy was delivered - Plaintiff alleges no copy was delivered while Defendant alleges that copies of each of these invoices were, in fact, delivered. Thus, issues of fact abound.

There appears no allegation that any actual damage was suffered by Plaintiffs as a result of the alleged violations of various rules and regulations covering motor vehicle repair. At issue is whether technical violations are present which entitle Plaintiffs to statutory damages under and pursuant to the Motor Vehicle Repair Rule and/or the New Motor Vehicle Repair Rule, thus evolving into a violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq*.

The exhibits attached to Defendant's memorandum appear to reveal a description of the repairs performed and there are allegations by affidavit of Terry Shafer that copies of all repair documents, signed by Plaintiffs, were provided to Plaintiffs.

While there are other issues raised by the parties, suffice to say the Court finds after a review of the file, all memoranda and exhibits that the motion for partial summary judgment cannot be granted due to material issues of fact being in dispute. Therefore, that motion is denied.

IT IS SO ORDERED.

                                             s/ *David A. Katz*
                                             DAVID A. KATZ
                                             U. S. DISTRICT JUDGE